43 HASENOEHRL LEASING, INC., Appellant, v TOWN OF HAMBURG et al., Respondents.—Judgment unanimously affirmed with costs. Memorandum: Petitioner brought this CPLR article 78 proceeding to compel respondents to continue to supply water through its existing service line and to enjoin respondents from requiring it to install a new service line. Supreme Court dismissed the petition. We affirm. The Authority's regulations permit the termination of water service where, as here, there is a "[w]illful waste by use of water through improper and imperfect pipes" (Erie County Water Authority Tariff § 2.36 [B]). Moreover, petitioner, as the property owner, is legally responsible for the expense of installing and maintaining the service line for its property *(see,* Town Law § 198 [3] [a]; Erie County Water Authority Tariff § 4.04). Respondents acted appropriately and within their authority in terminating service through the service line and in directing petitioner to install a new one.

There is no merit to the contention that respondents impaired petitioner's contract rights with the company that had previously held the franchise to sell water and thereby violated its right to due process. The record does not show the existence of a contract. Furthermore, private contract rights are not absolute, and those rights must yield to the lawful exercise of the government's police powers (see, Rochester Gas & Elec. Corp. v Public Serv. Commn., 71 NY2d 313, 321). (Appeal from Judgment of Supreme Court, Erie County, Fallon, J.—Permanent Injunction.) Present—Boomer, J.P., Pine, Lawton, Boehm and Davis, JJ.